**In re JOHNSON & JOHNSON, a corporation, Petitioner.**

No. 81–2002.

United States Court of Appeals, Eighth Circuit.

Oct. 26, 1981.

Rehearing Denied Nov. 13, 1981.

Maslon, Edelman, Borman, Brand & McNulty, Minneapolis, Minn. and Patterson, Belknap, Webb & Tyler, New York City, for petitioner.

Daniel R. Shulman, Gray, Plant, Mooty, Mooty & Bennett, Minneapolis, Minn., for respondents.

Before GIBSON, Senior Circuit Judge, and BRIGHT and ROSS, Circuit Judges.

## ORDER

Petitioner Johnson & Johnson (J & J), a corporation, seeks a writ of mandamus against the Honorable Miles W. Lord directing Judge Lord to put in writing his oral ruling, on September 11, 1981, denying J & J's motion for judgment n. o. v. or for a new trial in the underlying civil action styled: *Stanley McDonald, Norman R. Hagfors and Clayton Jensen, Plaintiffs, v. Johnson & Johnson [a corporation], Defendant,* pending in the United States District Court for the District of Minnesota, Fourth Division, Civ. No. 4–79–189. We deny the petition without prejudice as premature for the reasons outlined below.

As background, we observe from the pleadings and records filed by the parties in this proceeding that on July 2, 1981, plaintiffs obtained jury verdicts awarding them compensatory damages of 56.8 million dollars in antitrust litigation. On July 17, 1981, the trial court entered judgment for plaintiffs for treble damages totalling 170.4 million dollars, plus interest at the rate of thirteen percent, the interest accruing at the rate of $60,000 per day. J & J asserts that such judgment lacks any factual or legal support.

J & J promptly moved the trial court, on July 27, 1981, for judgment n. o. v., or in the alternative, for a new trial, and filed its brief within four weeks, on August 26, 1981, as agreed between the parties. The successful plaintiffs agreed to serve an answering brief in four weeks, then requested seven weeks, and at a hearing on September 11, 1981, asked for fourteen weeks, giving them until December 1, 1981 to file their brief. Judge Lord on his own initiative extended the time two additional weeks, to December 15, 1981, giving the plaintiffs a total of sixteen weeks to respond.

Petitioner asserts that Judge Lord has in fact orally rejected the motion for judgment n. o. v. (and presumably the alternative motion for a new trial) by oral rulings rejecting petitioner's claims at various posttrial proceedings and, in particular, at a hearing on September 11, 1981, regarding attorneys' fees, in which the trial judge stated the case was "open and shut" for plaintiffs and the trial judge would have sustained a jury verdict for five hundred million dollars (which, when trebled, would amount to one and one-half billion dollars).

Petitioner asserts that delay works to its great detriment and causes irreparable injury to its business because of unfavorable national publicity about the case allegedly initiated by attorneys for plaintiffs. Petitioner alleges that the judgment "results from revolutionary rulings made by" the district judge.

Petitioner alleges that the district judge abused his discretion by delaying entry of a written rejection of petitioner's claims which will merely confirm the previously made oral denial of the motion for judgment n. o. v.

Plaintiffs, as respondents, deny that Judge Lord has made any ruling on the motion and defend the district court's conduct in handling the posttrial motions.

Chief Judge Lord has written to this court assuring the court that he has made no ruling on the motion for judgment n. o. v. and advising that the protracted nature of the litigation requires "studied consideration" before any ruling can be made. He also stated that in his view the briefing schedule was reasonable under the circumstances.

The record at this point does not clearly establish an abuse of discretion by Judge Lord in failing to rule on posttrial motions. Therefore, the petition must be denied as premature at this time.

Nevertheless, some comment on these proceedings is in order. Presumably, the points in issue in the posttrial motion have been argued, considered, and ruled upon during trial. Where movant proceeded with promptness in filing a brief within four weeks after filing its motion (as agreed), it seems difficult to justify a sixteen-week delay by plaintiffs to respond.

Moreover, the record in this proceeding indicates that petitioner may be sustaining substantial business harm through adverse publicity while the issues between the parties remain unresolved.

Finally, it appears to us, notwithstanding the protracted nature of the proceedings, that the district judge should be able to rule finally on the issues presented by the petitioner's motion within a reasonable time following receipt of the briefs.

In our view, the district court should reassess its position regarding the schedule for the responsive brief by plaintiffs. We may suggest that four weeks after filing of this order should be ample.

The petition presented by J & J and the record in support thereof is not without some merit, but, as noted, relief is not warranted at this time. Should the district court delay beyond January 15, 1982, in entering its order on the pending posttrial motion for judgment n. o. v. or for a new trial, petitioner J & J, for good cause, may reapply to this court for appropriate relief.

Petition dismissed without prejudice.[1]

---

1. This court reserves the right on hearing of the merits to consider reduction or elimination of interest for any period of excessive delay in the final disposition of this case.